**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DARRELL KETON DANIEL,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:12-cv-00315** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ALBEMARLE CHARLOTTESVILLE** | ) | |
| **REGIONAL  JAIL,** | ) | **By: Norman K. Moon** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Darrell Keton Daniel, a Virginia inmate proceeding *pro se*, brings this civil

rights action pursuant to 42 U.S.C. § 1983 against the Albemarle Charlottesville Regional Jail,

alleging that he was denied a hygiene kit for three days.  The court finds that the Albemarle

Charlottesville Regional Jail is not a proper defendant to a § 1983 action.  Accordingly, the court

dismisses Daniel's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Daniel has named only the Charlottesville Albemarle Regional Jail as defendant to his

action.   To state a cause of action under § 1983, a plaintiff must allege facts indicating that he

has been deprived of rights guaranteed by the Constitution or laws of the United States and that

this deprivation resulted from conduct committed by a person acting under color of state law.

West v. Atkins, 487 U.S. 42 (1988).  As the Charlottesville Albemarle Regional Jail is not a

"person" subject to suit under § 1983, Daniel cannot maintain his action against the defendant

jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).[1]

---

[1] Moreover, even if Daniel had named a proper defendant, his claim concerning the hygiene kit would nevertheless fail. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).  In this case, Daniel has not demonstrated that he has suffered or will suffer any injury as a result of not being able to wash his face or brush his teeth for three days.  Accordingly, Daniel's allegations concerning the deprivation of the hygiene kit do not rise to the level of a constitutional violation.

For the reasons stated, the court dismisses Daniel's § 1983 action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**:  This 19th day of July, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE